UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN DEMILLE,<br><br>Petitioner,<br><br>v.<br><br>W. Z. JENKINS, II,<br><br>Respondent. | Case No. 20-04559 EJD (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>(Docket No. 2) |

Petitioner, a federal prisoner at the Federal Correctional Institution ("FCI") in Dublin, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Petitioner paid the filing fee. Id. Petitioner later filed a motion for appointment of counsel. Dkt. No. 2. For the reasons discussed below, this matter must be dismissed.

## BACKGROUND

According to the petition, Petitioner was sentenced in the District of Oregon on March 26, 2019, to 48 months in federal prison. Dkt. No. 1 at 1, 10. On April 30, 2020, she filed a "motion for emergency compassionate release" under 18 U.S.C. § 3582 in that

district based on her medical health and current conditions at FCI due to COVID; the Court denied the motion on June 4, 2020. Id. at 10. Petitioner asserts that the District of Oregon found that she did not meet the "high bar" special circumstances for standard compassionate release under § 3582, but that her attorney did not file "under additional § 3579, for which qualifications I meet." Id. She is now attempting to obtain relief by way of a § 2241 petition in this district where she is currently confined.

## DISCUSSION

### A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Claims

Petitioner's first claim is that her transfer from the Dublin Satellite Camp Prison to FCI on March 27, 2020, has rendered her sentence excessive because she is confined under harsher conditions than her "camp" status. Dkt. No. 10. She asserts that she is eligible for compassionate release under the "Cares Act § 3579, under the First Step Act Elderly Home Confinement Program" based on time served. Id. at 12. Secondly, Petitioner challenges the conditions of confinement which now includes "exposure to life-threatening illness, and dangerous conditions in custody." Id. Thirdly, Petitioner claims that the BOP (Bureau of Prisons) staff is "ill-equipped and under-prepared to respond to an emergency COVID outbreak." Id.

Petitioner was correct in first filing a motion under § 3582 in the sentencing court,

2

i.e., the District of Oregon.  See Bolden v. Ponce, No. 2:20-cv-03870-FJW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (citing United States v. Rala, 954 F.3d 594, 595 (3d Cir. 2020)) ("Section 3582's text requires those motions to be addressed to sentencing court, a point several Circuits have noted"); cf. United States v. Ono, 72 F.3d 101, 102 (9th Cir. 1995) ("Because the purpose of a [section] 3582 motion is resentencing, a motion under [section] 3582(c) is undoubtedly a 'step in the criminal case.'").   However, Petitioner may not circumnavigate the District of Oregon's rejection of her § 3582 motion by filing a § 2241 petition in this Court.  "District courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under 28 U.S.C. § 2241."  Ray v. Finley, No. 3:19-CV-0988, 2019 WL 5569616, at *4 (M.D. Pa. Oct. 29, 2019); see also Rodriguez-Aguirre v. Hudgens, 739 F. App'x 489, 490-91 (affirming dismissal of section 2241 petition for compassionate release because petitioner "did not challenge the legality of his conviction or sentence"); Himmel v. Upton, No. 4:18-CV-804-O, 2019WL 1112923, at *2-3 (N.D. Tex. Mar. 11, 2019) (dismissing section 2241 petition because compassionate release for medical reasons does "not allege [petitioner] is in custody as a result of a constitutional violation"); Rowe v. Ortiz, No. 19-17371, 2019 WL 5078727, at *2 (D. N.J. Oct. 10, 2019) (district court lacks jurisdiction on habeas review to modify a sentence under 18 U.S.C. § 3582); Maestro v. Ives, No. CV 14-1069 R (JC), 2014 WL 6389370, at *2 n.4 (C.D. Cal. Nov. 13, 2014) (a "request for a reduced sentence [under § 3582(c)] is not cognizable on federal habeas review"); Share v. Krueger, 553 F. App'x 207, 208-09 (3d Cir. 2014) (habeas petition under section 2241 is not appropriate vehicle to review denial of compassionate release).  Accordingly, this Court lacks jurisdiction to hear compassionate release claims under § 2241, when it was not the sentencing court.  Petitioner's only recourse is to seek an appeal of the District of Oregon's rejection of her § 3582 motion with the Ninth Circuit.

With respect to her challenges to the conditions of confinement at FCI, Petitioner

3

must raise such claims in a federal civil rights action.  See Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012); Badea v. Cox, 931 F.2d 573, 574 (9th Cir, 1991) (habeas corpus action proper mechanism for challenging an unlawful conviction or sentence; civil rights action proper method for challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).  Accordingly, the claims regarding conditions of confinement will be dismissed without prejudice to Petitioner filing a federal civil rights action.

Petitioner indicates that she filed for an internal administrative remedy with the BOP on June 11, 2020.  Dkt. No. 1 at 3.  At the time she filed the instant action on July 9, 2020, she had not yet received a decision.  Id.  The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A federal prisoner accordingly must exhaust all available administrative remedies with the Bureau of Prisons before filing a federal civil rights claim in federal court.  See Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (holding that revised § 1997e(a) applies to Bivens actions).  Accordingly, Petitioner is advised that she must have exhausted all her administrative remedies with respect to any claims before she raises them in a federal civil rights action in this Court.

## CONCLUSION

For the foregoing reasons, this federal habeas corpus action is **DISMISSED** for lack of jurisdiction.  However, the claims regarding conditions of confinement at FCI are DISMISSED without prejudice to filing a civil rights action after Petitioner has exhausted her administrative remedies.  In light of this dismissal, Petitioner's motion for appointment

4

of counsel is DENIED as moot.  Dkt. No. 2.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: 10/7/2020

EDWARD J. DAVILA
United States District Judge